IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CYRALENE SIMMS, :
:
    Plaintiff, :
:
v. : C.A. No. 10-904-LPS
:
THOMSON REUTERS TAX AND :
ACCOUNTING, INC. :
:
    Defendant. :
:

## MEMORANDUM OPINION

Martin D. Haverly, MARTIN D. HAVERLY, ATTORNEY AT LAW, Wilmington, DE.

    Attorney for Plaintiff.

Jennifer C. Jauffert, Lori A. Brewington, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; William J. Leahy, LITTLER MENDELSON, P.C., Philadelphia, PA; Emily K. Tyler, LITTLER MENDELSON, P.C., Detroit, MI.

    Attorneys for Defendant.

September 28, 2011
Wilmington, Delaware

**STARK, U.S. District Judge:**

Presently before the Court is a motion to transfer venue to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404, filed by Defendant Thomson Reuters Tax and Accounting, Inc. ("Defendant"). (D.I. 6) For the reasons set forth below, Defendant's motion to transfer is denied.

## The Parties

Plaintiff Cyralene Simms ("Plaintiff") is a resident of the State of Delaware. (D.I. 1 at ¶ 5) Plaintiff formerly worked for Defendant remotely from her home in Delaware, although she was assigned to Defendant's New Jersey office and reported to superiors in Michigan. (*Id.* at ¶¶ 10, 12; D.I. 7 at 1) Plaintiff filed the Complaint in this action for wrongful termination based upon race, disability/perceived disability, retaliation, and violation of the Family Medical Leave Act. (D.I. 1)

Defendant is a foreign corporation organized under the laws of Texas. (*Id.* at ¶ 6) Defendant's principal place of business is in Carrollton, Texas. (*Id.*) Although Defendant has no offices or employees located in Delaware, Defendant is registered to do business in Delaware, has a Registered Agent in Delaware, is doing business in Delaware, and employs an Account Manager and Client Services Manager whose territories of responsibility include Delaware. (D.I. 14 at 3 & Ex. U; D.I. 15 at 8)

## Section 1404(a)

Defendant's request to transfer arises under 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

1

Specifically, Defendant asks that the Court transfer the pending action to the Eastern District of Michigan.

**Applicable Legal Standards**

Section 1404(a), as the Third Circuit has explained, "was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) ("Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice."). The Third Circuit has also emphasized that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. As a result, "a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted).

Consequently, the burden rests squarely on the party seeking a transfer "to establish that a balancing of proper interests weighs in favor of the transfer." *Id.*; *see also Jumara*, 55 F.3d at 879. That burden is a heavy one: "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original); *see also CNH Am. LLC v. Kinzenbaw*, 2009 WL 3737653, at *2 (D. Del. Nov. 9, 2009); *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001). It follows that "transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer." *Angiodynamics, Inc. v. Vascular*

2

*Solutions, Inc.*, 2010 WL 3037478, at *2 (D. Del. July 30, 2010) (internal citations omitted); *see also Illumina, Inc. v. Complete Genomics, Inc.*, 2010 WL 4818083, at *2 (D. Del. Nov. 9, 2010).

Unless the defendant "is truly regional in character" – that is, it operates essentially exclusively in a region that does not include Delaware – transfer is almost always inappropriate. *See Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004). When transfer is sought by a defendant with operations on a national or international scale, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008) (internal citations and quotation marks omitted); *see also In re TCW/Camil Holding, L.L.C.*, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004).[1]

Given the necessarily individualized, fact-specific, case-by-case nature of a decision whether to transfer venue, it is inevitable that the multitude of transfer opinions – including the many issued in this District – will not entirely harmonize with one another. As Chief Judge Sleet has explained:

> By definition, a transfer analysis is a thoughtful weighing of interests. And, as an exercise of discretion, this process is, at least to some extent, subjective.

---

[1] *See generally Intel v. Broadcom*:

[Defendant] is a multi-billion dollar company that does business on an international scale. Furthermore, the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses. Therefore, to meet its burden [defendant] must establish that litigating this case in Delaware will pose a unique or unusual burden on [its] business operations. It has not done so.

167 F. Supp. 2d 692, 706 (D. Del. 2001) (internal quotation marks and citations omitted).

> Thus, while the Court can look to precedent for guidance, it reminds the parties that the weight which one court might afford to one factor on one day might very well differ from the weight afforded to that same factor by a different court, located in a different district, presiding over a different litigation, between different parties, concerning a different cause of action, involving different facts, different witnesses, and different documents on a different day.

*Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998). It bears emphasis that such differences may also be evident even among different judges sitting in the same District.

### Appropriateness of the Transferee Venue

In determining whether transfer is appropriate, the Court must first determine whether this action could have been brought in the proposed transferee venue, which here is the Eastern District of Michigan. "The party moving for transfer bears the burden of proving that the action properly could have been brought in the transferee district in the first instance." *Mallinckrodt*, 670 F. Supp. 2d at 356 (internal citations omitted). Plaintiff does not dispute that she could have brought this action in the Eastern District of Michigan. (D.I. 14 at 7) Defendant has demonstrated that the Eastern District of Michigan is a proper venue for this case because a substantial part of the events giving rise to this cause of action occurred within that District. (D.I. 7 at 6-7) Therefore, two proper venues have been identified for this litigation.

### The *Jumara* Factors

Since two proper venues have been identified, the Court must balance the appropriate considerations and determine whether, under the particular facts of this case, the request to transfer venue should be granted. The Third Circuit has observed that in undertaking such an analysis "there is no definitive formula or list of the factors to consider." *Jumara*, 55 F.3d at

4

879. Instead, courts must analyze "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.*

Nevertheless, the Third Circuit has also identified a set of private interest and public interest factors for courts to consider. *See id.* at 879-80. The private factors to consider include: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 879 (internal citations omitted). The public interest factors to consider include: (1) "the enforceability of the judgment;" (2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting from court congestion;" (4) "the local interest in deciding local controversies at home;" and (5) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80 (internal citations omitted).

Below, the Court considers and weighs each of these public and private interest factors, to the extent relevant in the particular circumstances presented here.

**Private Interest Factors**

**Plaintiff's choice of forum**

"It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly

disturbed." *Shutte*, 431 F.2d at 25 (internal citations and quotations omitted). That is, "courts normally defer to a plaintiff's choice of forum . . . ." *Jumara*, 55 F.3d at 880. Indeed, "[t]he deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate reason." *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001) (internal citations omitted).

Plaintiff has clearly manifested her preference for Delaware as a forum by filing suit in this jurisdiction. She had numerous valid reasons for her choice: "1) it is where she lives, 2) it would be unduly expensive and burdensome for her to pursue a case in Michigan while living in Delaware, 3) compared to Michigan, Delaware is very close to her assigned New Jersey office and to her witnesses who no longer work for Defendant, 4) her . . . counsel would like to pursue mediation with Magistrate Thynge due to positive past ADR experiences, 5) prosecuting a case in Michigan would require her to retain local counsel in Michigan, and 6) Delaware was where Plaintiff worked while employed by the Defendant." (D.I. 14 at 10) (internal footnotes omitted) Plaintiff's choice of forum is due paramount consideration.

### Defendant's forum preference

Here, Defendant prefers an alternative forum: the Eastern District of Michigan. (D.I. 7 at 8) Defendant asserts that all relevant witnesses, aside from Plaintiff, reside in Michigan. (*Id.*)

### Location of operative events

Plaintiff asserts that a substantial amount of the events giving rise to this case occurred within Delaware, where she was working remotely. (D.I. 14 at 12) Plaintiff alleges that harassment by her supervisors took place over the phone and via email while she was working in Delaware. (*Id.*) Further, Plaintiff asserts that she suffered the adverse employment action of

6

being fired while she was in Delaware because she was terminated over the phone. (*Id.*) Additionally, Plaintiff has contends she has been diagnosed with depression and has undergone treatment in Delaware, not Michigan. (*Id.*)

Defendant counters that Plaintiff's claim arose in the Eastern District of Michigan. (D.I. 7 at 10) Defendant points out that Plaintiff attended a face-to-face meeting with her supervisor in Michigan in 2009 and that the termination decision was made at its corporate office in Michigan. (*Id.*)

The Court concludes that the events giving rise to this lawsuit occurred both in Michigan and in Delaware. Thus, on balance, this factor is neutral.

### Convenience of the parties

The next factor to be considered is "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879.

Plaintiff asserts that Delaware is much more convenient forum for this litigation because she resides in Delaware and is in a financially weak position compared to Defendant, such that transfer to Michigan would present an onerous financial burden for her. (D.I. 14 at 13) "Plaintiff is an unemployed mother of a 3 ½ year old child. Defendant on the other hand is a multi-million dollar corporation with at least 1676 employees. Its website says it is 'global' with operational headquarters in New York and London . . . ." (*Id.*) (internal citations omitted) Plaintiff asserts that transfer to Michigan would present an extremely onerous financial burden for her. (*Id.*)

Defendant's argument that the convenience to the parties weighs in its favor because Plaintiff will have to travel to Michigan to take depositions of Defendant's employees is unavailing. (D.I. 10 at 7) While perhaps true, each trip to Michigan will be financially

7

burdensome for Plaintiff, and it is nearly certain that transfer of this case to Michigan would necessitate additional trips there by Plaintiff (e.g., for hearings and possibly trial).

In the circumstances of the instant case, this factor weighs against transfer.

**Convenience for the witnesses**

The next factor is "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. "[I]n reviewing a motion to transfer, courts frequently look to the availability of witnesses as an important factor, as it can be relevant to protecting a defendant's opportunity to put on its case with witnesses who will appear in person at the trial." *ADE Corp.*, 138 F. Supp. 2d at 569; *see also id.* at 574 ("The court does have an interest in seeing that a plaintiff's choice of a forum does not deprive a defendant of its ability to put on a defense that effectively communicates the matters in issue to the judge and the jury.").

The Court agrees with Chief Judge Sleet, who held that the weight to be accorded to concerns about convenience for the witnesses varies depending on the type of witness at issue:

> Party witnesses or witnesses who are employed by a party carry no weight in the "balance of convenience" analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial. Expert witnesses or witnesses who are retained by a party to testify carry little weight in determining where the "balance of convenience" lies (especially in an action for patent infringement) because they are usually selected [on the basis] of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any. Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, however, have traditionally weighed quite heavily in the "balance of convenience" analysis.

*Affymetrix*, 28 F. Supp.2d at 203 (internal citations and quotation marks omitted). With respect to the last category – fact witnesses with first-hand knowledge – the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses, who have no direct connection to the litigation. *See generally id.* (explaining that non-party fact witnesses weigh heavily in analysis); *see also Headon v. Colo. Boys Ranch*, 2005 WL 1126962, at *7 (E.D. Pa. May 5, 2005) (noting that convenience of non-party witnesses is "perhaps the most important factor"); 8 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3851 (3d ed. 2008) ("Often cited as the most important factor in passing on a motion to transfer under Section 1404(a) of Title 28 of the United States Code, and the one most frequently mentioned by the courts, . . . is the convenience of witnesses, most particularly nonparty witnesses who are important to the resolution of the case.").

Here, the record reveals that potential witnesses are scattered through various states including Delaware, New Jersey, Michigan, and New York. (D.I. 7 at 8; D.I. 14 at 14) Defendant asserts that one of its material non-party witnesses is outside of the District of Delaware's subpoena power. (D.I. 15 at 7) However, Plaintiff asserts that several of her potential non-party witnesses are outside of the subpoena power of the Eastern District of Michigan. (D.I. 14 at 7) Therefore, there is a risk of non-appearance at trial of material witnesses whether transfer is granted or denied. Moreover, it is always possible, if not likely, that third-party fact witnesses who are outside of this Court's subpoena power, but nevertheless possess material, non-cumulative evidence, will voluntarily appear at trial. *See ADE Corp.*, 138 F. Supp. 2d at 570 ("Previous decisions in this court have suggested that the better approach is to

9

recognize that witnesses have and will appear here without having to be subpoenaed.").[2] If not, then at least a deposition may be compelled by a court with jurisdiction over the recalcitrant witness, and that deposition may be used at trial. While deposition testimony is not a complete substitute for live trial testimony, *see In re DVI Inc.*, 2004 WL 1498593, at *2 (D. Del. June 23, 2004) ("[T]he Court notes that it has previously rejected the argument made by Plaintiff that deposition testimony may serve as an adequate substitute for material non-party witnesses that a party is unable to procure for trial."), it is a fallback that in almost all instances will prevent a miscarriage of justice. Overall, then, this factor is neutral in the transfer analysis.[3]

**Location of relevant evidence**

Next the Court considers "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879.

---

[2]*But see Nilssen v. Everbrite, Inc.*, 2001 WL 34368396, at *2 (D. Del. Feb. 16, 2001) ("A party need not allege that a witness definitely will be unavailable for trial; rather, it is sufficient for purposes of venue transfer analysis if the witness is not subject to a court's subpoena power.").

[3]The Court recognizes that there are decisions from this District that accord this factor much greater weight. *See, e.g., In re DVI, Inc.*, 2004 WL 1498593, at *2 ("[T]he Court concludes that the presence of . . . witnesses . . . [who] reside outside of the subpoena power of the Court, weighs heavily in favor of transferring this action."); *Angiodynamics*, 2010 WL 3037478, at *3 (holding lack of subpoena power over five former employees favored transfer); *Affymetrix*, 28 F. Supp. 2d at 204 (stating that interests of witnesses who were residents of California, and thus outside scope of this Court's subpoena power, "weigh heavily in favor of transfer"). On the other hand, there are various cases from this District which have accorded little weight to this factor. *See, e.g., Derry Finance N.V. v. Christina Companies, Inc.*, 555 F. Supp. 1043 (D. Del. 1983) (holding that where one forum is more convenient for plaintiff's witnesses and one is more convenient for defendant's witnesses, then plaintiff's choice of forum should not be disturbed); *Carl Zeiss Meditec, Inc. v. XOFT, Inc.*, 2010 WL 4024603, at *2 (D. Del. Oct. 13, 2010) (refusing to give this factor much weight where defendant's witness was outside of court's subpoena power because defendant did not produce evidence that witness would refuse to testify at trial).

This Court has repeatedly recognized that "recent technological advances have reduced the weight of this factor to virtually nothing." *Affymetrix*, 28 F. Supp. 2d at 208; *see also Nihon Tsushin Kabushkiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 373 (D. Del. 2009) (same). In particular, "[w]ith new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles." *ADE Corp.*, 138 F. Supp. 2d at 571; *see also Cypress Semiconductor*, 2001 WL 1617186, at *3 ("Advances in technology have significantly lessened the burden of litigating in a distant district. These technologies have shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded . . . and have lowered the cost of moving that information from one place to another.") (internal citations and quotations omitted). Plaintiff and Defendant concede that this factor is moot. (D.I. 7 at 11; D.I. 14 at 17)

**Public Interest Factors**

### Enforceability of judgment

There is no suggestion that a judgment would be unenforceable in either District.

### Practical considerations

The Court also takes account of "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879.

There is no strong evidence that either forum would make the trial easy, expeditious, or inexpensive. Indeed, Delaware makes the trial easier for Plaintiff, and Michigan would make the trial easier for Defendant. Defendant reasserts its argument regarding the convenience of witnesses (D.I. 7 at 12); however, as addressed above, if the case is tried in Delaware, any

11

inconvenience for Defendant's witnesses is counterbalanced by the added convenience for Plaintiff's witnesses. Accordingly, the Court finds that this factor is neutral.[4]

### Administrative difficulties in getting case to trial

The Court next turns to the "relative administrative difficulty in the two fora resulting from court congestion." *Jumara*, 55 F.3d at 879. Defendants assert that this factor favors the Eastern District of Michigan because the median time to trial is six months shorter in the Eastern District of Michigan than it is in the District of Delaware. (D.I. 7 at 12) Notwithstanding the heavy caseload carried by the judges in this District, and the ongoing judicial vacancy, the Court is not persuaded that administrative difficulties due to court congestion favor transfer. *See Textron Innovations, Inc. v. The Toro Co.*, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer."). Instead, this factor is neutral.

### Local interests in dispute

Both venues have an interest in deciding the controversy. The Eastern District of Michigan has an interest because Defendant maintains a strong presence and place of business within Michigan. (D.I. 7 at 13) Delaware also has an interest in adjudicating the rights of its citizens. (D.I. 14 at 19) ("This case involves a Delaware citizen who sustained injuries while legitimately working in Delaware as a remote employee for a national firm who does business in Delaware and has a Registered Agent in Delaware.") "Because both states have an interest in

---

[4]The Court gives no weight to the determination of the Equal Employment Opportunity Commission ("EEOC") to transfer Simms' Charge of Discrimination from its Philadelphia Field Office to its Detroit Field Office. (D.I. 7 at 4-5 & Ex. 3) The EEOC's administrative ruling was made without input from Simms and without any evident consideration of the factors this Court is required to consider under binding Third Circuit precedent.

12

deciding lawsuits brought [by or] against its citizenry, the local interest factor is neutral." *Gielata v. Heckmann*, 2010 WL 3940815, at *5 (D. Del. Oct. 6, 2010).

### Public policy

The parties do not raise public policy concerns regarding transfer in this case.

### Judges' familiarity with state law in diversity cases

This is not a diversity case; as such, this factor is not applicable.

## Conclusion

Overall, the following interests weigh against transfer: Plaintiff's choice of forum and convenience of the parties. The following interest weighs in favor of transfer: Defendant's choice of forum. All other factors, such as convenience of witnesses, location of evidence, administrative difficulties, and local interests, are neutral or irrelevant. Considering all factors, recognizing the appropriate weight to be granted to each factor, and paying attention to the heavy burden on Defendant, the Court finds that the public and private interest factors in combination weigh against transfer. Defendant has failed to satisfy its burden of showing that the balance of convenience factors and interests of justice weigh strongly in favor of transfer. Therefore, the Court will exercise its discretion and not disturb Plaintiff's choice of forum.

Accordingly, Defendant's motion to transfer (D.I. 6) is denied. An appropriate order follows.